UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FOOD AND DRUG ADMINISTRATION<br><br>*et. al.*,<br><br>　　　　Defendants. | Civil Action No. 25—0832 (TSC) |

**ANSWER**[1]

Defendants, the Food and Drug Administration ("FDA") and U.S. Department of Health and Human Services ("HHS"), by and through undersigned counsel, hereby answer as follows to the separately numbered paragraphs and prayer for relief in the Complaint filed by Plaintiff, Informed Consent Action Network, ECF No. 1, in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

---

[1] For ease of reference, Defendants' Answer replicates the headings contained in the Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

## COMPLAINT

This unnumbered prefatory paragraph at the beginning of Plaintiff's Complaint consists of Plaintiff's characterization of its Complaint, to which no response is required. To the extent a response is required, Defendants deny.

## JURISDICTION AND VENUE

1.	This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent that a response is required, Defendants admit that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

2.	This paragraph consists of legal conclusions regarding venue, to which no response is required. To the extent that a response is required, Defendants admit that this Court has venue over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.[2]

## PARTIES

3.	Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

4.	Defendants admit that FDA is an agency in the Executive Branch of the United States Government within the meaning of 5 U.S.C. § 552(f) and a division of HHS. The remainder of this paragraph consists of legal conclusions to which no response is required.

5.	Defendants admit that HHS is a department in the Executive Branch of the United States Government within the meaning of 5 U.S.C. § 552(f). The remainder of this paragraph consists of legal conclusions to which no response is required.

---

[2] Plaintiff cites to 5 U.S.C. § 522. Because Plaintiff has filed this matter under the FOIA and section 522 does not exist under the FOIA, Defendants presume that was an inadvertent typographical error and that Plaintiff intended to mean 5 U.S.C. § 552. Accordingly, Defendants' responses to these allegations shall refer the correct citation, 5 U.S.C. § 552.

## STATEMENT OF FACTS

6. Defendants admit that Plaintiff submitted a request for records pursuant to FOIA to Defendant FDA on January 23, 2020. Defendants aver that this request is the best evidence of its contents, respectfully refer the Court to the request for a complete and accurate statement of its contents, and deny any allegations inconsistent with this request. *See* ECF No. 1, Ex. 1.

7. Defendants admit that Defendant FDA sent Plaintiff a written communication on January 23, 2020, acknowledging Plaintiff's FOIA request and assigning it FOIA Request No. 2020-819. *See* ECF No. 1, Ex. 2.

8. Defendants admit that Plaintiff sent Defendant FDA a written communication on January 28, 2021, and Defendant FDA responded to that communication on February 9, 2021. Defendants aver that this communication is the best evidence of its contents, respectfully refer the Court to the request for a complete and accurate statement of its contents, and deny any allegations inconsistent with this communication. *See* ECF No. 1, Ex. 3.

9. Defendants admit that Defendant FDA sent Plaintiff a written communication on June 17, 2022. Defendants aver that this communication is the best evidence of its contents, respectfully refer the Court to the request for a complete and accurate statement of its contents, and deny any allegations inconsistent with this communication. *See* ECF No. 1, Ex. 4.

10. Defendants admit that Defendant FDA sent Plaintiff a partial response to FOIA Request 2020-819 on November 28, 2022. *See* ECF No. 1, Ex. 5.

11. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
### (VIOLATION OF FOIA, 5 U.S.C. § 552)

12. Defendants reallege and reincorporate as if fully set forth herein their responses to

paragraphs 1 through 11.

13. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

14. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

15. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

16. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

## COUNT II
## IMPROPER WITHHOLDING OF INFORMATION AND DATA
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

17. Defendants reallege and reincorporate as if fully set forth herein their responses to paragraphs 1 through 16.

18. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

19. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

## COUNT III
## FAILURE TO ESTABLISH AN ADEQUATE SEARCH
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

20. Defendants reallege and reincorporate as if fully set forth herein their responses to paragraphs 1 through 19.

21. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

22. This paragraph consists of legal conclusions, to which no response is required. To

the extent a response is required, Defendants deny.

## COUNT IV
## ENTITLEMENT TO WAIVER OF SEARCH AND DUPLICATION FEES

23. Defendants reallege and reincorporate as if fully set forth herein their responses to paragraphs 1 through 22.

24. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

25. Defendants admit that Plaintiff sought a waiver of fees. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

26. This paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.[3]

## REQUESTED RELIEF

This paragraph consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses in this answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

---

[3] *See supra* note 2.

1.	Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a.

2.	The Court lacks subject matter jurisdiction over Plaintiff's request for relief to the extent that it exceeds the relief authorized under FOIA. *See* 5 U.S.C. § 552.

3.	Defendants have exercised due diligence in responding to Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendants to search for and process records, if any, responsive to Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

4.	Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

5.	Defendants have not improperly withheld records requested by Plaintiff under FOIA.

6.	Plaintiff's request fails to comply with the requirements of FOIA to the extent it fails to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendants to search for, review, redact, and release any responsive records.

Dated: May 21, 2025                                      Respectfully submitted,

                                                           JEANINE FERRIS PIRRO
Of Counsel:                                              United States Attorney

SEAN R. KEVENEY                                          BRIAN HUDAK
Acting General Counsel                                   Chief, Civil Division

ROBERT F. FOSTER                           By:    */s/Rebekah Lederer*
Deputy General Counsel                            REBEKAH LEDERER
Chief Counsel for Food, Research, and Drugs       P.A. Bar No. 320922
Department of Health and Human Services           Assistant United States Attorney
                                                  601 D Street, NW
WENDY S. VICENTE                                  Washington, DC 20530

6

Deputy Chief Counsel for Litigation

ELIZABETH A. NORFORD
Associate Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993
(240) 678-9001
Elizabeth.Norford@fda.hhs.gov

(240) 278-2129
rebekah.lederer@usdoj.gov

*Attorneys for the United States of America*